KELLEY DRYE & WARREN LLP
  William A. Escobar (admitted *pro hac vice*)
  Alaina B. Ingram (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
wescobar@kelleydrye.com
aingram@kelleydrye.com
  Allison S. Brehm (STATE BAR NO. 224029)
  Joshua M. Keesan (STATE BAR NO. 266771)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 712-6105
Facsimile: (310) 712-6199
abrehm@kelleydrye.com
jkeesan@kelleydrye.com

Attorneys for Defendant Tata Consultancy Services Ltd. and Defendant and Counterclaimant Tata America International Corporation

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| COUNTY OF ORANGE, a political subdivision of the State of California,<br><br>          Plaintiff,<br><br>    v.<br><br>TATA CONSULTANCY SERVICES LTD., an Indian corporation; TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation,<br><br>          Defendants.<br><br>TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation,<br><br>          Counterclaimant,<br><br>    v.<br><br>COUNTY OF ORANGE, a political subdivision of the State of California,<br><br>          Counterdefendant. | **Case No. SACV13-683 JLS(JCx)**<br><br>(Honorable Josephine L. Staton)<br><br>**DEFENDANT TATA CONSULTANCY SERVICES LTD. AND DEFENDANT AND COUNTERCLAIMANT TATA AMERICA INTERNATIONAL CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF AND COUNTERDEFENDANT COUNTY OF ORANGE'S JURY DEMAND**<br><br>[*Declaration of William A. Escobar and [Proposed] Order filed concurrently herewith*]<br><br>Date: June 6, 2014<br>Time: 2:30 p.m.<br>Crtrm.: 10A<br>Discovery Cutoff: February 25, 2015<br>Motion Cutoff: March 6, 2015<br>Trial Date: July 14, 2015 |

---

DEFENDANT TATA CONSULTANCY SERVICES LTD. AND DEFENDANT AND COUNTERCLAIMANT
TATA AMERICA INTERNATIONAL CORPORATION'S MOTION TO STRIKE PLAINTIFF AND
COUNTERDEFENDANT COUNTY OF ORANGE'S JURY DEMAND

TO THE COURT, THE PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on June 6, 2014, at 2:30 p.m., or as soon thereafter as the parties may be heard, before the Honorable Josephine L. Staton, United States District Judge, in Courtroom 10A, located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, California, 92701-4516, Defendant Tata Consultancy Services Ltd. and Defendant and Counterclaimant Tata America International Corporation (together, "Defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 39(a) for an order striking Plaintiff County of Orange's jury demand (the "Motion").

The Motion is made on the grounds that 1) under applicable federal law, the jury waiver is enforceable because the parties entered into it knowingly and voluntarily; 2) under California law, the jury waiver is enforceable because the County's Board of Supervisors, a "legislative body" within the meaning of California law, approved the waiver pursuant to the powers granted to it by the Legislature; and 3) Tata America relied on all the provisions in the contract in question in deciding whether or not to accept its terms, including the jury waiver.

This Motion is based upon this Notice of Motion and Motion; the accompanying Declaration of William A. Escobar; the pleadings in this action and documents attached thereto and/or referenced therein; the papers on file in this action; and upon such other briefs, oral argument and/or documentary matters as may be presented to this Court at or before the hearing on this Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

2
DEFENDANT TATA CONSULTANCY SERVICES LTD. AND DEFENDANT AND COUNTERCLAIMANT
TATA AMERICA INTERNATIONAL CORPORATION'S MOTION TO STRIKE PLAINTIFF AND
COUNTERDEFENDANT COUNTY OF ORANGE'S JURY DEMAND

This Motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place on April 11, 2014.

Dated: April 22, 2014                    Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: /s/ William A. Escobar
   William A. Escobar
   Allison S. Brehm
   Alaina B. Ingram
   Joshua M. Keesan
Attorneys for Defendant Tata Consultancy Services Ltd. and Defendant and Counterclaimant Tata America International Corporation

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ..................................2

III. LEGAL STANDARD ..........................................................................4

IV. THE COUNTY WAIVED THE RIGHT TO A JURY TRIAL.....................4

    A. The County Knowingly And Voluntarily Waived Any Right To Trial By Jury................................................................................4

    B. The County Has The Power To Waive a Jury Pursuant To Authority From The California Legislature .........................................6

    C. Tata America Relied On All The Provisions In The Contract In Deciding Whether Or Not To Accept Its Terms, Including The Jury Waiver ...............................................................................9

IV. CONCLUSION ................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*,
    521 F. Supp. 2d 1031 (N.D. Cal. 2007) ...................................................... 4, 5, 8

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) ............................................................................ 9

*Exline v. Smith*,
    5 Cal. 112 (1855) ........................................................................................... 7, 8

*Farron v. City of S.F.*,
    216 Cal. App. 3d 1071 (1989) ....................................................................... 7, 8

*GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*,
    No. C 09-01484 SI, 2009 WL 3246747 (N.D. Cal. Oct. 8, 2009) ...................... 4

*Grafton Partners L.P. v. Superior Ct.*,
    36 Cal. 4th 944 (2005) ................................................................................... 7, 8

*Grafton Partners LP v. Superior Ct.*,
    9 Cal. Rptr. 3d 511 (2004) ................................................................................ 8

*Leasing Serv. Corp. v. Crane*,
    804 F.2d 828 (4th Cir. 1986) ............................................................................. 8

*Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*,
    500 F.3d 171 (2d Cir. 2007) .............................................................................. 8

*Simler v. Conner*,
    372 U.S. 221 (1963) ....................................................................................... 4, 5

*Telum, Inc. v. E.F. Hutton Credit Corp.*,
    859 F.2d 835 (10th Cir. 1988) ........................................................................... 5

*TransFirst Holdings, Inc. v. Phillips*,
    Civ. Action No. 3:06-CV-2303-P, 2007 WL 867264 (N.D. Tex. Mar. 22,
    2007) .............................................................................................................. 5, 8

*U.S. ex rel. Collins Plumbing v. Turner-Penick Joint Venture*,
   Civ. No. 3:11-cv-2834-GPC-MDD, 2013 WL 5462278 (S.D. Cal. Sept. 30,
   2013) ....................................................................................................................5, 8

**STATUTES**

Cal. Civ. Code § 1636 (West 2014) ........................................................................9

Cal. Civ. Proc. Code § 1281 (West 2014) ...............................................................8

Cal. Gov't Code § 23000 (West 2014) ....................................................................2

Cal. Gov't Code § 25003 (West 2014) ....................................................................2

Cal. Gov't Code § 25203 (West 2014) ...........................................................*passim*

Cal. Gov't Code § 31000 (West 2014) ...........................................................*passim*

Cal. Gov't Code § 54951 (West 2014) ....................................................................7

Cal. Gov't Code § 54952 (West 2014) ....................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 39(a) ............................................................................................2, 4

Orange County Board of Supervisors, OCgov.com, http://ocgov.com/gov/bos
   (last visited April 18, 2014) ..............................................................................2

Board Functions, OCgov.com, http://ocgov.com/gov/bos/functions (last
   visited April 18, 2014) ...................................................................................2, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case arises from a contract (the "Contract") between Plaintiff and Counterdefendant County of Orange (the "County") and Defendant and Counterclaimant Tata America International Corporation ("Tata America") for professional services to develop and implement the County's Property Tax Management System ("PTMS"). The County's Board of Supervisors approved the Contract which included a provision waiving a jury trial in the event of any litigation. The County had the authority to waive the jury trial, as the California Legislature broadly granted the County the power to enter into contracts under section 31000 of the California Government Code and to "direct and control the conduct of litigation" under section 25203 of the California Government Code. Cal. Gov't Code §§ 25203, 31000. Notwithstanding this waiver, the County, in its First Amended Complaint ("FAC") now demands a trial by jury.

The Court should strike the jury demand for three principal reasons:

- First, under the applicable federal law, knowing and voluntary jury waivers are enforceable. Here, there is no dispute that the County voluntarily entered into the Contract fully aware of its terms – including the jury waiver. In fact, the County was responsible for inserting the jury waiver into the model contract it insisted on as the starting point for negotiation.

- Second, even if the jury issue is analyzed under California law because of the choice of law provision in the Contract, the jury waiver should be enforced because the County's Board of Supervisors, a "legislative body" within the meaning of California law, approved the waiver pursuant to the powers granted to it by the Legislature.

1
DEFENDANT TATA CONSULTANCY SERVICES LTD. AND DEFENDANT AND COUNTERCLAIMANT
TATA AMERICA INTERNATIONAL CORPORATION'S MOTION TO STRIKE PLAINTIFF AND
COUNTERDEFENDANT COUNTY OF ORANGE'S JURY DEMAND

- Finally, Tata America relied on all the provisions in the Contract in deciding whether or not to accept its terms, including the jury waiver. The County is simply not free to toss aside the jury waiver simply because it now wants a different fact-finder for the litigation it initiated.

Accordingly, Defendants respectfully request that the Court strike the County's jury demand pursuant to Federal Rule of Civil Procedure 39(a).

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Tata America is a New York corporation and a wholly owned subsidiary of Defendant Tata Consultancy Services Ltd. ("TCS"). TCS, an Indian corporation with offices in New York, is a multinational company providing services and products globally in information technology and business process operations. (FAC ¶¶ 3-4 (Docket No. 8); Counterclaims ¶ 1 (Docket No. 21).)

The County is both a political subdivision of the State of California, and a "charter county organized and existing under the laws of the State of California." (FAC ¶ 2; *see* Cal. Gov't Code § 23000 ("A county is the largest political division of the State having corporate powers."). The Orange County Board of Supervisors (the "Board") is the governing body of the County. *Id*. § 25000(a) ("Each county shall have a board of supervisors consisting of five members."). California law authorizes the Board to function as both a legislative and executive body. *Id*. § 25003 ("The board may make and enforce rules and regulations necessary for the government of the board, the preservation of order, and the transaction of business."); *see* Board Functions, OCgov.com, http://ocgov.com/gov/bos/functions (last visited April 18, 2014). The Board is comprised of five elected Supervisors, representing five districts of approximately 600,000 residents each. Orange County Board of Supervisors, OCgov.com, http://ocgov.com/gov/bos (last visited April 18, 2014).

The California Government Code grants the Board several powers, including the power to enter into contracts on behalf of the County (Cal. Gov't Code § 31000 ("[t]he board of supervisors may contract for special services on behalf of . . . the county")) and the power to "direct and control the conduct of litigation" in which the County is a party. Cal. Gov't Code § 25203. Here, the Board exercised its power to enter into contracts when the County contracted with Tata America on July 15, 2008 for professional services to develop and implement the County's PTMS application. (FAC ¶ 33.)

Contract negotiations between the County and Tata America began following an April 15, 2008 Board meeting at which the Board selected Defendants to develop and implement the PTMS application. (*Id*. ¶ 27.) The parties began the negotiation process with a "model contract" prepared by the County that was contained in the County's Request for Proposals ("RFP") for the PTMS application. (*see Id*. ¶ 28; Declaration of William A. Escobar ("Escobar Decl."), Ex. A (Contract), pp. 1-15, Ex. B (RFP), pp. 20-33). The Contract was approved as to form on July 2, 2008, by Angelica C. Daftary, a lawyer for the County. (FAC ¶ 33; Escobar Decl., Ex. A (Contract), p. 15.) On July 15, 2008, the Contract was signed by Ronald Vienna, Purchasing Agent for the County, and Surya Kant, President of Tata America and Satyanarayan S. Hegde, Senior Vice President and General Counsel of Tata America and TCS. (*Id.*) The Board approved the Contract at a Board meeting on July 15, 2008. (FAC ¶ 33.)

Paragraph 38 of the Contract provides:

**Waiver of Jury Trial**. Each party acknowledges that it is aware of and has had the opportunity to seek advice of counsel of its choice with respect to its rights to trial by jury, and each party, for itself and its successors, creditors, and assigns, does hereby expressly and knowingly waive and release all such rights to trial by jury in any action, proceeding or counterclaim brought by any party hereto against the other (and/or against its officers, directors, employees, agents, or subsidiary or affiliated entities) on or with regard to any

3

matters whatsoever arising out of or in any way connected with this Contract and/or any other claim of injury or damage.

(Escobar Decl., Ex. A (Contract), pp. 11-12 ¶ 38.)

Despite this jury waiver, however, the County now demands a trial by jury. (FAC, p. 46.)

## III.

## LEGAL STANDARD

Federal Rule of Civil Procedure 39(a) provides that "[w]hen a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: . . . (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a). Under Rule 39(a), a court "may strike a jury demand where the parties have executed a waiver of their right to a jury trial." *GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No. C 09-01484 SI, 2009 WL 3246747, at *4 (N.D. Cal. Oct. 8, 2009).

In general, the right to a jury trial in federal court is governed by federal law. *Simler v. Conner*, 372 U.S. 221, 222 (1963). Even if California law applies in this case due to the choice of law provision in the contract, the jury waiver provision should be enforced because of the broad powers given to the Board, as detailed below. *See* Cal. Gov't Code §§ 25203, 31000.

## IV.

## THE COUNTY WAIVED THE RIGHT TO A JURY TRIAL

**A. The County Knowingly And Voluntarily Waived Any Right To Trial By Jury**

Generally, "[t]he right to a jury trial in federal court is governed by federal law and, under federal law, parties may contractually waive their right to a jury trial." *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, 521 F. Supp. 2d

4

1031, 1044 (N.D. Cal. 2007) (citing *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988)); *see also Simler*, 372 U.S. at 222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal [law] in diversity as well as other actions."). Under federal law, the constitutional right to a jury trial may be waived by a contractual jury waiver provision, if the waiver was "knowingly and voluntarily executed." *Applied Elastomerics, Inc.*, 521 F. Supp. 2d at 1044 (citations omitted).

District courts in California have upheld a contractual jury waiver under federal law even where the contract was governed by California law. In *Applied Elastomerics, Inc.*, the plaintiff sued for breach of contract and breach of the covenant of fair dealing for a license agreement governed by California law that stated "that the parties expressly waive any right to a jury trial." *Id*. at 1036. The court found that "the parties' contract-based claims [were] covered by the jury waiver clause in the license agreement," and ordered a bench trial. *Id*. at 1044. In *United States ex rel. Collins Plumbing v. Turner-Penick Joint Venture*, Civ. No. 3:11-cv-2834-GPC-MDD, 2013 WL 5462278, at *4-8 (S.D. Cal. Sept. 30, 2013), the court applied federal law to enforce a jury waiver in a contract governed by California law. *See TransFirst Holdings, Inc. v. Phillips*, Civ. Action No. 3:06-CV-2303-P, 2007 WL 867264, at *2-3 (N.D. Tex. Mar. 22, 2007) (enforcing jury waiver provisions in agreements governed by California law).

Under federal law, courts consider the following factors in determining whether a contractual jury waiver is knowing and voluntary: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous." *U.S. ex rel. Collins Plumbing*, 2013 WL 5462278, at *3 (citations omitted).

5
DEFENDANT TATA CONSULTANCY SERVICES LTD. AND DEFENDANT AND COUNTERCLAIMANT
TATA AMERICA INTERNATIONAL CORPORATION'S MOTION TO STRIKE PLAINTIFF AND
COUNTERDEFENDANT COUNTY OF ORANGE'S JURY DEMAND

Under these factors, there is no doubt that the County entered into the Contract and expressly and knowingly waived a jury trial. (Escobar Decl. Ex. A (Contract), pp. 11-12 ¶ 38.) First, there is absolutely no disparity in the bargaining power between the County and Tata America. In fact, the County likely held *greater* bargaining power in negotiating the Contract, as it dictated many of the parameters of the Contract in the RFP and proposed its own model contract containing the jury waiver. (FAC ¶¶ 19, 28; Escobar Decl. Ex. A (Contract), pp. 11-12 ¶ 38; Ex. B (RFP), p. 30 ¶ 38.) Second, the County is a sophisticated party that regularly enters into significant contracts with Board approval. (*See* Board Functions, OCgov.com, http://ocgov.com/gov/bos/functions (last visited April 18, 2014).) Third, as stated by the County, only the Contract's SOW required significant negotiation between the County and Tata America, and the County drafted the model contract containing the jury waiver. (FAC ¶ 28; Escobar Decl. Ex. A (Contract), pp. 11-12 ¶ 38; Ex. B (RFP), p. 30 ¶ 38.) Fourth, the jury waiver provision was part of the County's model contract and it is conspicuous in the final Contract. The provision is clearly labeled **"Waiver of Jury Trial."** (Escobar Decl. Ex. A (Contract) ¶ 38) (emphasis in original).) The waiver itself explicitly states that "[e]ach party . . . does hereby **expressly and knowingly waive** and release all such rights to trial by jury" in this action after consulting counsel. (*Id.* (emphasis added).) The County has not alleged any portion of the Contract is invalid or that it was somehow duped into agreeing to a jury waiver. (*See generally* FAC.) Thus, under federal law, the Court should enforce the jury waiver and try this case as a bench trial.

**B. The County Has The Power To Waive a Jury Pursuant To Authority From The California Legislature**

Even if California law applies because of the California choice of law provision in the Contract, the contractual jury waiver should be enforced. Under

California law, the Board of Supervisors is a statutorily created legislative body given many powers by the California State Legislature, such as the power to enter into contracts and to direct and control litigation relating to those contracts. *See e.g.*, Cal. Gov't Code §§ 25203, 31000 (granting the Board several powers, including the power to enter into contracts on behalf of the County and the power to "direct and control the conduct of litigation" in which the County is a party); *Farron v. City of S.F.*, 216 Cal. App. 3d 1071, 1075 (1989) (finding that the San Francisco Board of Supervisors "is the legislative body of the City pursuant to its charter and under the Brown Act [Cal. Gov't Code § 54950 et seq.]"). "The term 'legislative body' is defined in section 54952 as 'the governing board, commission, directors or body of a local agency, or any board or commission thereof . . . 'Local agency' includes cities and counties." *Id.* (quoting Cal. Gov't Code §§ 54951, 54952.))

The California Supreme Court's decision in *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944 (2005) ("*Grafton*"), an oft-cited decision in the context of jury waivers, does not preclude the enforcement of a jury waiver flowing from the County's statutory power to direct and control litigation. In *Grafton*, the real party in interest moved to strike the jury demand in petitioners' complaint, because the engagement letter between the parties contained a jury waiver. 36 Cal. 4th at 950. The Court affirmed the appellate court's denial of the motion to strike the jury demand. *Id*. The Court reasoned that "the rules under which the parties to a lawsuit may waive a jury trial *must be prescribed by the Legislature*, which is without power to delegate to the courts the responsibility of determining the circumstances under which such a waiver may be permitted." *Id*. at 952 (citing *Exline v. Smith*, 5 Cal. 112, 112-13 (1855)) (emphasis added). In *Exline*, "'[t]he court interpreted the phrase 'prescribed by law' within article I, section 3, of the California Constitution of 1849, to mean that the Legislature, alone, had the power to determine the circumstances under which a jury could be waived . . . [t]he words 'prescribed by

law,' look to actual legislation upon the subject, and in no just sense can be extended to a permission of the exercise of this power to others."' *Id*. at 953 (quoting *Grafton Partners LP v. Superior Ct.*, 9 Cal. Rptr. 3d 511, 514 (2004) (quoting *Exline*, 5 Cal. at 112-13)).[1]

Thus, upon a close review of *Grafton* and *Exline*, these decisions support enforcement of the jury waiver here. Relying on *Exline*, the *Grafton* court specifically explained that if, as here, there is a statutory basis to enforce a jury waiver, the waiver is *enforceable under California law*. 36 Cal. 4th at 953. For example, when there is an agreement to arbitrate, the resulting jury waiver is enforced because the Code of Civil Procedure section 1281 authorizes parties to enter into arbitration agreements. *Grafton Partners L.P.*, 36 Cal. 4th at 955; Cal. Civ. Proc. Code § 1281. Similarly, here, the Board is a statutorily created legislative body given many powers by the California State Legislature, including the powers to enter into contracts and direct and control the conduct of litigation. *See e.g.*, Cal. Gov't Code §§ 25203, 31000; *Farron*, 216 Cal. App. 3d at 1075.[2]

In deciding to waive a jury trial in the Contract, the County, by its Board of Supervisors, unequivocally chose to "direct and control the conduct of litigation" in

---

[1] In upholding contractual jury waivers even where the contract was governed by California law, the courts in *Applied Elastomerics, Inc.*, 521 F. Supp. 2d 1031, *United States ex rel. Collins Plumbing*, 2013 WL 5462278, *TransFirst Holdings, Inc.* 2007 WL 867264, did not discuss the applicability of *Grafton*. Federal courts in other jurisdictions apply federal law to contractual jury waivers, upholding these waivers if entered into by the parties knowingly and voluntarily. *See e.g., Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) ("When asserted in federal court, the right to a jury trial is governed by federal law," and "a contractual [jury] waiver is enforceable if made knowingly, intentionally, and voluntarily."); *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir. 1986) ("Where waiver is claimed under a contract executed before litigation is contemplated, we agree with those courts that have held that the party seeking enforcement of the waiver must prove that consent was both voluntary and informed.").

[2] Although the *Grafton* court stated that "[California Code of Civil Procedure] [s]ection 631 is the sole statute governing waiver of a jury in a civil judicial proceeding," it is the only statute *explicitly* governing jury waivers. 36 Cal. 4th at 956. California Code of Civil Procedure section 1281 and California Government Code section 25203 provide other statutory authority by which juries can be waived. Cal. Civ. Proc. Code § 1281; Cal Gov't Code § 25203.

which it was a party by requiring that any litigation arising from the Contract proceed as a bench trial, not a jury trial. (Escobar Decl. Ex. A (Contract) ¶ 38; Cal. Gov't Code § 25203.) This choice by a legislative body (the Board), which was pursuant to statute (section 25203), should be enforced by the Court.

### C. Tata America Relied On All The Provisions In The Contract In Deciding Whether Or Not To Accept Its Terms, Including The Jury Waiver

When Tata America entered into the Contract on July 15, 2008, it did so in reliance that all of the terms in the Contract would be enforceable. Tata America specifically relied on the jury waiver provision, which is contained in the model contract portion of the Contract prepared by the County and for which there was little to no negotiation by Tata America. (FAC ¶ 28; Escobar Decl. Ex. A (Contract), pp. 11-12 ¶ 38; Ex. B (RFP), p. 30 ¶ 38.)

Under California law, "[a] contract must be so interpreted to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (citation omitted) ("Contract terms are to be given their ordinary meaning, and when the terms of the contract are clear, the intent of the parties must be ascertained from the contract itself."). Here, the jury waiver provision is clear, and there can be no doubt that the County intended a bench trial for any future litigation when it entered into the Contract. Tata America entered into the Contract in reliance on the mutual intention that any future litigation be tried as a bench trial. The County cannot now toss aside the jury waiver provision it drafted because it wants a different fact-finder for the litigation it initiated.

Once the County approved the Contract, Tata America was entitled to insist that the dispute be submitted to the Court and not a jury for trial. To do otherwise would both interfere with the intention of the parties as of the time of contracting, and the County's knowing and voluntary, legislative decision to waive a jury trial.

## IV.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to strike the jury demand in the County's FAC.

Dated: April 22, 2014            Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: /s/ William A. Escobar
    William A. Escobar
    Allison S. Brehm
    Alaina B. Ingram
    Joshua M. Keesan
    Attorneys for Defendant Tata
    Consultancy Services Ltd. and
    Defendant and Counterclaimant Tata
    America International Corporation