KELLEY DRYE & WARREN LLP
  William A. Escobar (admitted *pro hac vice*)
  Alaina B. Ingram (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
wescobar@kelleydrye.com
aingram@kelleydrye.com
  Allison S. Brehm (STATE BAR NO. 224029)
  Joshua M. Keesan (STATE BAR NO. 266771)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 712-6105
Facsimile: (310) 712-6199
abrehm@kelleydrye.com
jkeesan@kelleydrye.com

Attorneys for Defendant Tata Consultancy Services Ltd. and Defendant and Counterclaimant Tata America International Corporation

[ADDITIONAL PARTIES LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| COUNTY OF ORANGE, a political subdivision of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>TATA CONSULTANCY SERVICES LTD., an Indian corporation; TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation,<br><br>Defendants.<br><br>TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation,<br><br>Counterclaimant,<br><br>v.<br><br>COUNTY OF ORANGE, a political subdivision of the State of California,<br><br>Counterdefendant. | **Case No. SACV13-683 JLS (JCx)**<br><br>(Honorable Josephine L. Staton)<br><br>**STIPULATION AND ORDER PURSUANT TO FED. R. EVID. 502(d)**<br><br>**DISCOVERY MATTER**<br><br>[Fed R. Evid. 502(d)]<br><br>Honorable Jacqueline Chooljian<br>U.S. Magistrate Judge<br><br>Action Filed:   April 30, 2013<br>Trial Date:      July 14, 2015 |

## STIPULATED ORDER PURSUANT TO FED. R. EVID. 502(d)

WHEREAS, Plaintiff and Counterdefendant County of Orange (the "County") and Defendants Tata America International Corporation and Tata Consultancy Services Ltd. (together, "Defendants," and collectively with the County, the "Parties") jointly request that this Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in this proceeding and to protect the Parties against waiver of any privileges attaching to those documents;

WHEREAS, the Parties and non-parties may be required to produce documents, answer interrogatories and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection;

WHEREAS, absent an order from the Court, under certain circumstances, the production of privileged or protected documents can operate as a waiver of any applicable privilege, protection and/or immunity with respect to disclosure in this case and other federal or state proceedings;

WHEREAS, the Parties wish to expedite and facilitate the production of a large volume of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communication or work product materials;

WHEREAS, Fed. R. Evid. 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding;"

WHEREAS, this Court finds good cause to issue an order pursuant to Fed. R. Evid. 502(d); and

WHEREAS, the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this order.

## **STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of this Court, as follows:

1. Pursuant to Fed. R. Evid. 502(d), a Party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law.  The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Stipulation and [Proposed] Order.  Specifically there shall be no waiver if a Party discloses privileged or protected information inadvertently or otherwise, regardless of whether the Party took reasonable steps to prevent the disclosure or to rectify the error.

2. Any Party receiving any such inadvertently produced documents or information shall, within five (5) calendar days of receipt of a written request (a) identifying the document(s) or information that was inadvertently produced, and (b) specifying the basis for the right to withhold such document(s) or information with the requisite specificity justifying the asserted basis for privilege or protection, return them to the producing Party or provide written notice to the producing Party that they have been destroyed.  Further, the receiving Party shall delete any version of the documents or information it maintains and make no use of the information contained therein, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.

3. Nothing in this Stipulation and [Proposed] Order shall prevent a receiving Party from challenging the privilege or protection asserted by the producing Party by making an appropriate application to the Court.  Pursuant to Fed.

R. Civ. P. 26, the producing Party bears the burden of establishing the privilege or protection of all such challenged documents.

    4.    Disclosure of information or documents by the receiving Party before the producing Party designates the information as protected shall not be deemed a violation of this Stipulation and [Proposed] Order.

DATED: May 12, 2014        KELLEY DRYE & WARREN LLP

By /s/ William A. Escobar
    William A. Escobar
    Allison S. Brehm
    Joshua M. Keesan
    Alaina B. Ingram
Attorneys for Defendant Tata Consultancy Services Ltd. and Defendant and Counterclaimant Tata America International Corporation

DATED: May 12, 2014        THEODORA ORINGHER PC

By /s/ Allan L. Schare
    Todd C. Theodora
    Allan L. Schare
    Benjamin P. Broderick
Attorneys for Plaintiff and Counterdefendant County of Orange

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing of this stipulation and have authorized the filing of this stipulation.

DATED: May 12, 2014                KELLEY DRYE & WARREN LLP


By /s/ William A. Escobar
    William A. Escobar
    Allison S. Brehm
    Joshua M. Keesan
    Alaina B. Ingram
Attorneys for Defendant Tata Consultancy Services Ltd. and Defendant and Counterclaimant Tata America International Corporation

**IT IS SO ORDERED:**

DATED: May 29, 2014                    /s/
    Hon. Jacqueline Chooljian
    U.S. Magistrate Judge