KELLEY DRYE & WARREN LLP
  William A. Escobar (admitted *pro hac vice*)
  Alaina B. Ingram (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
wescobar@kelleydrye.com
aingram@kelleydrye.com
  Allison S. Brehm (STATE BAR NO. 224029)
  Joshua M. Keesan (STATE BAR NO. 266771)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 712-6105
Facsimile: (310) 712-6199
abrehm@kelleydrye.com
jkeesan@kelleydrye.com

Attorneys for Defendant Tata Consultancy
Services Ltd. and Defendant and
Counterclaimant Tata America
International Corporation

[ADDITIONAL PARTIES LISTED ON
SIGNATURE PAGE]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| COUNTY OF ORANGE, a political subdivision of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>TATA CONSULTANCY SERVICES LTD., an Indian corporation; TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation,<br><br>Defendants. | **Case No. SACV13-683 JLS (JCx)**<br><br>(Honorable Josephine L. Staton)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT]**<br><br>**DISCOVERY MATTER**<br><br>[Fed R. Civ. P. 26(c)]<br><br>Honorable Jacqueline Chooljian<br>U.S. Magistrate Judge<br><br>Action Filed:   April 30, 2013<br>Trial Date:      July 14, 2015 |
| TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation,<br><br>Counterclaimant,<br><br>v.<br><br>COUNTY OF ORANGE, a political subdivision of the State of California,<br><br>Counterdefendant. | |

512866

# STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 29, and Local Rule 79-5, this Stipulation and Protective Order ("Protective Order") between Plaintiff and Counterdefendant County of Orange (the "County") and Defendants Tata America International Corporation and Tata Consultancy Services Ltd. (together, "Defendants," and collectively with the County, the "Parties")), through their counsel of record, is made with respect to the following recitals:

WHEREAS, both the County's affirmative claims set forth in its First Amended Complaint and Tata America's counterclaims arise from the circumstances surrounding the parties' July 15, 2008 agreement entitled "Contract for Professional Services For the Development and Implementation of the Property Tax Management System ('PTMS')" (the "Agreement").

WHEREAS, **the Parties represent:**   Good cause exists to grant this Protective Order.  The Parties anticipate that through the course of discovery, the Parties will request or otherwise be obligated to disclose confidential and proprietary information.  In particular, the nature of the claims that the Parties are asserting may require the disclosure of confidential and proprietary information including but not limited to:  (a) agreements with one or more third parties; (b) financial information; and (c) software, concepts, processes, and product strategies, some of which may involve the disclosure of trade secrets.  The public disclosure of the foregoing information may or will put the Parties at a disadvantage if such information is made available and known to their competitors.  The Parties wish to comply fully with their discovery obligations, but do not wish to compromise their respective legitimate interests, and the respective legitimate interests of third party witnesses, in the confidentiality of certain information and documentation.  Accordingly, the Parties seek to implement a Protective Order to protect their interests.

WHEREAS, this Court has authority to grant this Protective Order.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may make an order providing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"; and that the parties file specified unredacted documents or information "in sealed envelopes, to be opened as the court directs."  Fed. R. Civ. P. 26(c)(1).  Protective orders serve to safeguard parties in light of the otherwise broad reach of discovery. *U.S. v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982).

**[DELETED]**

WHEREAS, in keeping with the foregoing, the Parties seek to establish procedures that will protect all confidential and proprietary information while expediting the discovery process, limiting the necessity for objections or subsequent motions seeking to limit discovery and facilitating the disposition by this Court of any disputes that may arise in connection with discovery.  Accordingly, subject to the approval of this Court, it is hereby stipulated and agreed, by and between the Parties, through their respective counsel, as follows:

**STIPULATION**

A.      Writings (as that term is defined in Rule 1001 of the Federal Rules of Evidence) produced in discovery by any party to this litigation, and/or by third parties in response to document or deposition subpoenas, may be designated in whole or in part by any party or third party as "Confidential" pursuant to this Protective Order if such writings contain proprietary information, personal financial information, personal address or telephone information, or other information over which the producing party has a reasonable expectation of privacy, secrecy or confidentiality, provided that any third party making such designation agrees **in writing or on the record** to be bound by the terms of this Protective Order. Additionally, any party or third party witness may, for the same reasons, designate deposition testimony as "Confidential" by stating on the record that a deposition or

portion thereof shall be treated as designated, or may make such designation sometime thereafter, provided that any third party making such designation agrees **in writing or on the record** to be bound by the terms of this stipulated Protective Order.  Writings designated as "Confidential," additional information or **deposition** testimony designated as "Confidential," and all information derived therefrom (collectively, "Discovery Material"), shall be treated pursuant to the provisions set forth below.

B.    Discovery Material designated as "Confidential" may be used by the persons receiving such Discovery Material only for the purpose of this litigation.

C.    If any party objects to the designation of Discovery Material as "Confidential," and the objection cannot be resolved by agreement of counsel, the Discovery Material shall be treated as designated and subject to this Protective Order, unless otherwise ordered by the Court upon motion made by the objecting party **in accordance with the provisions of Local Rules 37-1, et seq.**  The party designating Discovery Material as "Confidential" shall bear that burden of proof on any such motion.

D.    Subject to the further conditions imposed by this Protective Order, Discovery Material designated as "Confidential" may be disclosed only to the following persons:

1.    The Parties and their current and former officers, directors and employees, provided, however, that disclosure may be made only to the extent reasonably necessary for the prosecution or defense of this action.

2.    Counsel for the Parties and paralegal assistants, office clerks, secretaries and other such personnel working under their supervision, all of whom shall be deemed bound by the terms of this Protective Order upon counsel's signature.

3.    In-house counsel to the Parties and paralegal assistants, office clerks, secretaries and other such personnel working under their supervision, all of

whom shall be deemed bound by the terms of this Protective Order upon counsel's signature.

4.  Consulting experts or expert witnesses who agree to be bound by the terms of this Protective Order.

5.  Witnesses or potential witnesses related to this action in proceedings before this Court, including depositions, provided, however, such witnesses may not be given a copy of, and may only be shown, Discovery Material designated as "Confidential."  Discovery Material designated as "Confidential" may be attached as a deposition exhibit provided that no witness retains a copy of a deposition transcript that includes such designated Discovery Material.

6.  Percipient witnesses.

7.  Court reporters and their staff, professional jury or trial consultants, and persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

8.  Mock juries.

9.  The Court and administrative personnel thereof, pursuant to the procedures described in paragraph H and mandated by Local Rule 79-5.1 **as modified by the presiding judges' procedures under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents.**

10.  Such other persons as the Parties may agree or as may be ordered by the Court.

E.  Prior to the disclosure of any Discovery Material designated as "Confidential" to any person described in paragraph D(3), D(4), D(5), D(6), and D(8), counsel for the party that has received and seeks to use or disclose such Discovery Material shall first provide such employee, expert or other person with a

///

copy of this Protective Order, and shall cause him or her to execute, on a second

copy which counsel shall thereafter retain, the following acknowledgment:

> I understand that I am being given access to Discovery
>
> Material designated as "Confidential" pursuant to the
>
> foregoing Protective Order.  I have read the Protective
>
> Order and agree to be bound by its terms with respect to
>
> the handling, use and disclosure of such designated
>
> Discovery Material.
>
> Dated:                    /s/

F.       Within thirty (30) days of the termination of this litigation, including

any appeal pertaining thereto, or within ten (10) days of receipt of a written request

from counsel to the producing party, all Discovery Material designated as

"Confidential" and all copies thereof, **other than any such materials in the**

**possession/custody of the Court and its personnel,** shall be destroyed or returned

to the producing party, provided, however, that (1) any party's counsel may retain

his attorney work product even though it contains information designated

"Confidential," but such retained work product shall remain subject to the terms of

this Protective Order; and (2) if the party has already destroyed the materials

pursuant to this section, there shall be no obligation hereunder to return such

materials to the producing party nor any penalty for an inability to do so.  All

Discovery Material designated as "Confidential" disclosed to any person or party

pursuant to any provision hereof, **other than any such materials in the possession/**

**custody of the Court and its personnel,** also shall be destroyed or returned to the

producing party.

G.       If any party who receives Discovery Material designated as

"Confidential" receives a subpoena or other request seeking such Discovery

Material, he, she or it shall immediately give written notice to opposing counsel,

identifying the information sought and the time in which production or other

disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order so as to afford opposing counsel an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Discovery Material designated as "Confidential."  Other than objecting on the grounds of this Protective Order, no party shall be obligated to seek an order barring production of Discovery Material designated as "Confidential."

H.      Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Discovery Material designated as "Confidential" shall **be submitted for filing and maintenance under seal in accordance with the provisions of  Local Rule 79-5.1 as modified by the presiding judges' procedures under the Pilot Project for the Electronic Submission and Filing of Under Seal Documents, unless the Parties agree that such materials need not be sealed.**  The party seeking to file the unredacted Discovery Material designated as "Confidential" shall submit an application, along with a proposed order, seeking a Court order permitting the designated Discovery Material to be filed under seal **in accordance with the foregoing provisions.  [DELETED]**

I.      Any party to this action may, following the production of documents by a third party or a third party's deposition, designate documents or deposition testimony of that third party as "Confidential" governed by this Protective Order, subject to any challenge to that designation made pursuant to paragraph C, above.

J.      Nothing herein shall waive, diminish or otherwise affect any party's rights to object to discovery on any grounds, including but not limited to privacy, relevance, privilege or undue burden.

K.      Nothing herein shall waive, diminish or otherwise affect any party's rights to object to the introduction of any Discovery Material designated as "Confidential" into evidence, on grounds including but not limited to relevance and

1  privilege.

2        L.      This Protective Order shall be without prejudice to the right of the

3  Parties to present a motion to the Court for a separate protective order **(in**

4  **accordance with the provisions of Local Rules 37-1, et seq.)** as to any particular

5  deposition, discovery request, document or information.  In addition, this Protective

6  Order shall not be deemed to prejudice the Parties in any way in any future

7  application for modification of this Protective Order or for relief from a party's

8  designation of a particular document or documents as "Confidential."

9

10  DATED: May 12, 2014              KELLEY DRYE & WARREN LLP

11

12                                  By /s/ William A. Escobar
                                        William A. Escobar
13                                      Allison S. Brehm
                                        Joshua M. Keesan
14                                      Alaina B. Ingram
15                                  Attorneys for Defendant Tata Consultancy
                                    Services Ltd. and Defendant and
16                                  Counterclaimant Tata America International
17                                  Corporation

18  DATED: May 12, 2014              THEODORA ORINGHER PC

19

20

21                                  By /s/ Allan L. Schare
                                        Todd C. Theodora
22                                      Allan L. Schare
                                        Benjamin P. Broderick
23                                  Attorneys for Plaintiff and Counterdefendant
24                                  County of Orange

25        Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed,

26  and on whose behalf the filing is submitted, concur in the filing of this stipulation

27  and have authorized the filing of this stipulation.

28

DATED: May 12, 2014                KELLEY DRYE & WARREN LLP


                                   By /s/ William A. Escobar
                                         William A. Escobar
                                         Allison S. Brehm
                                         Joshua M. Keesan
                                         Alaina B. Ingram
                                   Attorneys for Defendant Tata Consultancy
                                   Services Ltd. and Defendant and
                                   Counterclaimant Tata America International
                                   Corporation


         **AS MODIFIED, IT IS SO ORDERED :**


DATED:  May 30, 2014               _____
                                                 /s/
                                   Hon. Jacqueline Chooljian
                                   U.S. Magistrate Judge