UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-683 JLS (JCx)                                    Date:  June 10, 2014

Title:  County of Orange v. Tata Consultancy Services Ltd., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                               N/A
     Deputy Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE (Doc. 40)**

Before the Court is a Motion to Strike Jury Demand filed by Defendant Tata
Consultancy Services Ltd. and Defendant and Counterclaimant Tata America
International Corp.  (Mot., Doc. 40.)  Plaintiff and Counterdefendant County of Orange
filed an Opposition, and the Defendants replied.  (Opp'n, Doc. 44; Reply, Doc. 45.)
Having considered the briefing and supporting documentation submitted by the parties,
heard oral argument, and taken the matter under submission, the Court GRANTS
Defendants' Motion.

## I.    Background

According to the County's First Amended Complaint ("FAC"), the County
issued a Request for Proposal in 2007 soliciting proposals for the design and
development of a new property tax management system.  (FAC ¶ 19, Doc. 7.  *See also*
Escobar Decl. Ex. B ("RFP"), Doc. 40-1.)  Six contractors submitted responses, including
Tata America, a subsidiary of Tata Consultancy.  (FAC ¶ 19.)  On April 15, 2008, the
County's Board of Supervisors decided to negotiate a contract for the project with Tata
America.  (*Id.* ¶ 27.)  Tata America and the County ultimately entered into a contract (the
"Contract"), which the County's Board of Supervisors approved on July 15, 2008.  (*Id.*
¶ 33.)  The Contract contains the following provision:

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-683 JLS (JCx)                                    Date:  June 10, 2014
Title:  County of Orange v. Tata Consultancy Services Ltd., et al.

> **Waiver of Jury Trial**.  Each party acknowledges that it is aware of and has
> had the opportunity to seek advice of counsel of its choice with respect to
> its rights to trial by jury, and each party, for itself and its successors,
> creditors, and assigns, does hereby expressly and knowingly waive and
> release all such rights to trial by jury in any action, proceeding or
> counterclaim brought by any party hereto against the other (and/or against
> its officers, directors, employees, agents, or subsidiary or affiliated entities)
> on or with regard to any matters whatsoever arising out of or in any way
> connected with this Contract and/or any other claim of injury or damage.

(Escobar Decl. Ex. A ("Contract") § 38.)  The agreement also provides that it "shall be
governed by and construed under the laws of the State of California."  (*Id.* § 11.)  In 2010
and 2011 the County and Tata America agreed to several amendments to the Contract
extending project deadlines.  (FAC ¶ 53.)

On April 30, 2013, the County filed suit against Tata America and Tata
Consultancy for promissory fraud, fraudulent misrepresentation, fraudulent concealment,
negligent misrepresentation, and breach of contract.  (Compl., Doc. 1.)  On June 4, 2013,
the County filed the FAC asserting the same causes of action against Tata America and
Tata Consultancy.  (FAC.)  The County alleges that Tata America failed to meet project
goals and deadlines and also made numerous misrepresentations in order to induce the
County to enter into the Contract and amendments.  (*See, e.g., id.* ¶¶ 56-67.)  Both the
original Complaint and the FAC include a demand for a jury trial.  (Compl. at 1; FAC
at 1.)  On November 15, 2013, Tata America filed a Counterclaim against the County
asserting breach of contract, breach of the covenant of good faith and fair dealing, and
unjust enrichment.  (Countercl. at 20-22, Doc. 21.)

On April 22, 2014, Defendants filed the present Motion.

## II.    Legal Standard

"When a jury trial has been demanded under Rule 38, the action must be
designated on the docket as a jury action.  The trial on all issues so demanded must be by
jury unless . . . the court, on motion or on its own, finds that on some or all of those issues

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-683 JLS (JCx)                                         Date:  June 10, 2014

Title:  County of Orange v. Tata Consultancy Services Ltd., et al.

there is no federal right to a jury trial." Fed. R. Civ. P. 39(a).  Under Rule 39, "a Court may strike a jury demand where the parties have executed a waiver of their right to a jury trial." *GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, 74 Fed. R. Serv. 3d 1216, *4 (N.D. Cal. 2009).

### III.    Discussion

In their Motion, Defendants ask the Court to strike the County's demand for a jury trial on the grounds that the County waived its right to a jury trial in the Contract.  (Mot. at 2.)  The parties dispute whether federal or California law applies to the determination of whether the County has waived its right to a jury trial.  Defendants contend that federal law governs the enforceability of a pre-dispute jury waiver.  (Mot. at 4-6.)  Plaintiff argues that California law applies.  (Opp'n at 3-7.)

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal [la]w in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (footnote omitted).  *See also Brookhart v. Janis,* 384 U.S. 1, 4 (1966) ("The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law.").  As a result, most Circuits have held that the determination of whether a party has waived its right to a jury trial in federal court in a pre-dispute contract is governed by federal law.  *See, e.g., Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007); *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988).  The Ninth Circuit, however, has not yet considered the question, and California district courts have split on the issue.  *See, e.g., Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.,* 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007) (applying federal law); *Fin. Tech. Partners L.P. v. FNX Ltd.*, C  07-01298JSW, 2009 WL 464762, *1 (N.D. Cal. Feb. 24, 2009) (applying California law); *Integrated Global Concepts, Inc. v. j2 Global, Inc.*, C-12-03434-RMW, 2013 WL 5692352, *2-3 (N.D. Cal. Oct. 15, 2013) (applying California law); *Pallen Martial Arts, LLC v. Shir Martial Arts, LLC*, 13-CV-05898-JST, 2014 WL 2191378, *9 (N.D. Cal. May 23, 2014) (applying California law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-683 JLS (JCx)                                    Date:  June 10, 2014
Title:  County of Orange v. Tata Consultancy Services Ltd., et al.

The question of whether state or federal law applies to a pre-dispute jury trial waiver is of particular concern in California federal courts because, unlike nearly all other states, California state law does not permit such waivers.  *See Integrated Global Concepts, Inc.*, 2013 WL 5692352, *2 ("Nearly all states, except Georgia and California, allow contractual waiver of jury trials."); *Grafton Partners L.P. v. Superior Court*, 36 Cal. 4th 944, 967 (2005) (holding that "governing California constitutional and statutory provisions do not permit predispute jury waivers").[1]  Federal law, however, does allow pre-dispute jury trial waivers as long as they were knowingly, voluntarily, and intelligently executed.  *See Breham v. Asset Acceptance, LLC, No.* CV-09-1474-PHX-GMS, 2010 WL 1735147, *2 (D. Ariz. Apr. 28, 2010); *Applied Elastomerics, Inc.*, 521 F. Supp. 2d at 1044 (quoting *Okura & Co. (Am.), Inc. v. Careau Grp.*, 783 F. Supp. 482, 488 (C.D. Cal. 1991)).  Some California district courts have held that this difference warrants application of California law to a waiver contained in a contract governed by California law.  In *Financial Technology Partners L.P.*, for example, the court reasoned that "applying California law . . . , which is more protective of the right to a jury trial, would promote the policy underlying the rule regarding jury waivers."  2009 WL 464762, *2.

The Court, however, is not persuaded by this reasoning.  In *Simler*, the Supreme Court stated that "[o]nly through a holding that the jury[]trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved."  372 U.S. at 222 (footnote omitted).  Regardless of whether state law is more or less protective of the right to a jury trial, uniformity is undermined whenever state law that differs from federal law is applied in federal court. Moreover, the Supreme Court has held that "state laws cannot alter the essential character

---

[1] Georgia law also prohibits pre-dispute contractual waivers.  *See Bank S., N.A. v. Howard,* 264 Ga. 339, 340 (1994) ("[P]re-litigation contractual waivers of jury trial are not provided for by our Constitution or Code and are not to be enforced in cases tried under the laws of Georgia."). Georgia district courts have split on the issue of whether state or federal law applies to pre-dispute jury trial waivers.  *See LSREF2 Baron, LLC v. Alexander SRP Apartments, LLC*, No. 1:12-CV-2545-AT, 2013 WL 8335728, *10-11 (N.D. Ga. Feb. 13, 2013) (applying Georgia law); *U.S. ex rel. Duncan Pipeline, Inc. v. Walbridge Aldinger Co.*, No. CV411-092, 2013 WL 1338392, *18-19 (S.D. Ga. Mar. 29, 2013) (applying federal law).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-683 JLS (JCx)                                    Date:  June 10, 2014
Title:  County of Orange v. Tata Consultancy Services Ltd., et al.

or function of a federal court." *Herron v. S. Pac. Co.*, 283 U.S. 91, 94 (1931).  The
distribution of trial functions between the judge and jury is an "essential characteristic" of
the federal system.  *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 537
(1958).   In *Herron*, the Court considered whether a federal judge could direct a verdict
when it appeared as a matter of law that a plaintiff was guilty of contributory negligence
notwithstanding an Arizona constitutional provision requiring that the defense of
contributory negligence be decided by a jury at all times.  283 U.S. at 92-93.  The Court
concluded that a federal judge could direct a verdict under those circumstances because
federal courts are not subject to such a state regulation.  *Id.  See also Knievel v. ESPN*,
393 F.3d 1068, 1073 (9th Cir. 2005) ("Even if the Montana Constitution did establish a
rule that defamation plaintiffs are entitled to a jury trial in state court, that rule would not
bind a federal court exercising its diversity jurisdiction.").

　　　Here, the County would have the Court apply the California Supreme Court's
decision in *Grafton* to the question of whether a party has waived its right to a jury trial in
a pre-dispute agreement.  (Opp'n at 4.)  In *Grafton*, the court began its analysis with the
California state constitution, 36 Cal. 4th at 951, which provides that "[t]rial by jury is an
inviolate right and shall be secured to all," but "[i]n a civil cause a jury may be waived by
the consent of the parties expressed *as prescribed by statute*."  Cal. Const. art. I, § 16
(emphasis added).  The court reasoned that, as a result of this limitation on waiver, a
party cannot waive its right to a jury trial in a pre-dispute agreement because no
California statute authorizes pre-dispute waivers.  *See Grafton,* 36 Cal. 4th at 956-966.
Under *Herron*, however, the right to a jury trial in the California constitution, and the
restrictions on the waiver of that right specifically enumerated in the California
constitution, have no application in federal court.  This is true regardless of whether
California law, as was the case with Arizona law in *Herron*, requires a jury trial when
federal law does not.  Thus, California law cannot mandate a jury trial in federal court
when the right to a jury trial has been waived under federal law.

　　　The County nevertheless contends that California law must apply because courts
"must indulge every reasonable presumption against the waiver of the jury trial."  *United
States v. Nordbrock*, 941 F.2d 947, 950 (9th Cir. 1991) (citing *Pradier v. Elespuru*, 641
F.2d 808, 811 (9th Cir. 1981)).  The County's argument, however, employs this principle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-683 JLS (JCx)                                Date:  June 10, 2014

Title:  County of Orange v. Tata Consultancy Services Ltd., et al.

entirely outside of the context of its intended application.  In both *Nordbrock* and *Pradier*, the Ninth Circuit relied on the presumption in considering whether actions taken by a party constituted a waiver of that party's right to a jury trial.  *See Nordbrock*, 941 F.2d at 950; *Pradier*, 641 F.2d at 811.  The principle governs the manner in which federal law is applied; it does not require courts to apply state law.  The Court concludes that federal law, not California law, governs the question of whether a party has waived its right to a jury trial in federal court.

As noted above, under federal law, a pre-dispute jury waiver is effective as long as it was knowingly, voluntarily, and intelligently executed.  In deciding whether a waiver was knowingly, voluntarily, and intelligently executed, courts consider the following factors:

> (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous.

*Breham*, 2010 WL 1735147, at *2.  Courts "must indulge every reasonable presumption against the waiver of the jury trial."  *Nordbrock*, 941 F.2d at 950.  The burden of proving that the four factors weigh in favor of finding that a waiver was knowingly, voluntarily, and intelligently executed therefore falls on the party seeking to enforce the waiver.  *Breham*, 2010 WL 1735147, at *2.

Here, all of the factors indicate that the County's waiver was knowing, voluntary, and intelligent.  First, there was no disparity in bargaining power between the County and Tata America.  The County selected Tata America from among other contractors in a process initiated by the County.  (*See* FAC ¶¶ 19, 26-27.)  The County also dictated many of the terms of the Contract, including the jury waiver provision itself, by including a proposed contract as a part of its Request for Proposal.  (*See* FAC ¶ 28; RFP at 30.).  Second, the County is a sophisticated government entity, and its decisions with respect to the Contract were made by a Board of Supervisors at the recommendation of the County's Auditor-Controller.  (*See* FAC ¶¶ 27, 33.)  Third, the County not only had an opportunity to negotiate the terms of the Contract, but was the party that proposed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-683 JLS (JCx)                              Date:  June 10, 2014

Title:  County of Orange v. Tata Consultancy Services Ltd., et al.

jury waiver.  (*See* FAC ¶ 28; RFP at 30.)  Fourth, and finally, the waiver was sufficiently conspicuous, as it appeared in its own numbered section and was clearly labeled "Waiver of Jury Trial."  (Contract § 38.)  The Court concludes that the County knowingly, voluntarily, and intelligently executed the waiver.

The waiver covers "any matter whatsoever arising out of or in any way connected with [the] Contract and/or any other claim of injury or damage."  (*Id.*)  Because all of the claims in this action arise out of or are connected with the Contract, the County has waived a jury trial in this action.  The County argues that it is nevertheless entitled to a jury trial on its claims and defenses of fraud.  (Opp'n at 12-13.)  If it were otherwise, the County contends, the Court would be allowing Defendants to take advantage of their own "deceitful conduct."  (*Id.*)  The Court disagrees.  The Court is cognizant that it must indulge every reasonable presumption against the waiver of a jury trial.  However, the County's allegations of fraud concern Tata America's representations regarding its capacity to complete the project (*e.g.,* FAC ¶ 69), and have no bearing on the jury trial waiver.  Indeed, the waiver was included in the County's own proposed contract, indicating that it was a provision that the County wished to include in the Contract regardless of what representations were made by Defendants.  Because the jury waiver itself was not procured or affected by the alleged fraud, the Court concludes that the County is not entitled to have its claims and defenses of fraud tried by a jury.  *See Merrill Lynch & Co. Inc.,* 500 F.3d at 188 (holding that a pre-dispute jury trial waiver is enforceable as to allegations of fraudulent inducement unless the party alleges that the waiver itself was induced by fraud).

In sum, the County has waived its right to a jury trial in this action.

### IV.   Conclusion

For the foregoing reasons, Defendants' Motion is GRANTED.

Initials of Preparer:  tg