Todd C. Theodora, Esq. (State Bar No. 120426)
ttheodora@tocounsel.com
Allan L. Schare, Esq. (State Bar No. 126305)
aschare@tocounsel.com
Timothy J. Gorry, Esq. (State Bar No. 143797)
tgorry@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, CA  92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for Plaintiff and
Counterdefendant County of Orange

[ADDITIONAL PARTIES LISTED ON
SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

COUNTY OF ORANGE, a political
subdivision of the State of California,

     Plaintiff,

 v.

TATA CONSULTANCY SERVICES
LTD., an Indian corporation; TATA
AMERICA INTERNATIONAL
CORPORATION, a New York
corporation,

     Defendants.

TATA AMERICA INTERNATIONAL
CORPORATION, a New York
corporation,

     Counterclaimant,

 v.

COUNTY OF ORANGE, a political
subdivision of the State of California,

     Counterdefendant.

**Case No. SACV13-683 JLS (JCx)**

(Honorable Josephine L. Staton)

**STIPULATED PROTECTIVE ORDER**

**EXPERT DISCOVERY MATTER**

[Fed R. Civ. P. 26(c)]

Honorable Jacqueline Chooljian
U.S. Magistrate Judge

Action Filed:  April 30, 2013
Trial Date:   August 2, 2016

# STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) and 29, and Local Rule 79-5, this Stipulation and Protective Order ("Protective Order") between Plaintiff and Counterdefendant County of Orange (the "County") and Defendants Tata America International Corporation and Tata Consultancy Services Ltd. (together, "Defendants," and collectively with the County, the "Parties")), through their counsel of record, is made with respect to the following recitals:

WHEREAS, during the course of expert discovery the County provided copies of certain of its servers (the "Virtual Machines") to its testifying experts, which Virtual Machines contained data not only from the Auditor-Controller, the Treasurer-Tax Collector and the Clerk of the Board relevant to the parties' July 15, 2008 agreement entitled "Contract for Professional Services For the Development and Implementation of the Property Tax Management System ('PTMS')" (the "Agreement") but also data from the County Sheriff's office and other County agencies that is wholly unrelated to this action.  The County, to protect data belonging to the Clerk of the Board and the County Sheriff, provided the Virtual Machines to DisputeSoft, Inc., their software experts, under a confidentiality agreement that restricted their access to only PTMS data contained on those servers.

WHEREAS, while the County did not previously produce to Defendants the Virtual Machines that the County had provided to its testifying experts, but maintains that it provided the underlying PTMS data residing thereon, the County now intends to produce those Virtual Machines to Defendants, subject to this Protective Order.

WHEREAS, during the July 8, 2016 pre-trial conference in this matter, the Honorable Josephine Staton ordered that the Parties meet and confer regarding the language of a proposed protective order to preserve the confidentiality of sensitive information on the Virtual Machines, and that the Parties present a proposed protective order to this Court for review and approval;

WHEREAS, this Protective Order represents the results of the Parties' meet and confer pursuant to Judge Staton's July 8, 2016 order;

WHEREAS, the Parties represent: good cause exists to grant this Protective Order.  The County wishes to comply fully with its expert discovery obligations, but does not wish to compromise its and third parties' legitimate interests in the confidentiality of certain information and documentation, which Defendants agree to protect through the Stipulation below.  Accordingly, the Parties propose that this Protective Order be entered in order to protect those interests.

WHEREAS, this Court has authority to grant this Protective Order.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may make an order providing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"; and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters"  Fed. R. Civ. P. 26(c)(1)(G, D).  Protective orders serve to safeguard parties in light of the otherwise broad reach of discovery.  *U.S. v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir.), *cert. denied*, 457 U.S. 1118 (1982).

Accordingly, subject to the approval of this Court, it is hereby stipulated and agreed, by and between the Parties, through their respective counsel, as follows:

## **STIPULATION**

A.     The Virtual Machines to be produced pursuant to this order shall be designated by the County as "Expert Confidential" pursuant to this Protective Order. The Virtual Machines and any Writings (as that term is defined in Rule 1001 of the Federal Rules of Evidence) derived therefrom shall be designated as "Expert Confidential," and all information derived therefrom (collectively, "Expert Discovery Material"), shall be treated pursuant to the provisions set forth below.

B.     Expert Discovery Material designated as "Expert Confidential" may be used by the persons receiving such Expert Discovery Material only for the purpose

of this litigation.  Persons receiving the Virtual Machines shall not take any steps whatsoever to access any data or portions thereof other than that which relates to the PTMS data, and shall immediately cease reviewing non-PTMS data if it is inadvertently accessed.  Any person who intentionally uses or disseminates non-PTMS data shall be subject to sanction by this Court.

C.   If any party objects to the designation of Expert Discovery Material as "Expert Confidential," and the objection cannot be resolved by agreement of counsel, the Expert Discovery Material shall be treated as designated and subject to this Protective Order, unless otherwise ordered by the Court upon motion made by the objecting party in accordance with the provisions of Local Rules 37-1, et seq. The party designating Expert Discovery Material as "Expert Confidential" shall bear that burden of proof on any such motion.

D.   Subject to the further conditions imposed by this Protective Order, Expert Discovery Material designated as " Expert Confidential" may be disclosed only to the following persons:

1.   Counsel for the Parties and paralegal assistants, office clerks, secretaries and other such personnel working under their supervision, all of whom shall be deemed bound by the terms of this Protective Order upon counsel's signature.

2.   Consulting experts or expert witnesses who agree to be bound by the terms of this Protective Order.

3.   The Court and administrative personnel thereof, pursuant to the procedures described in paragraph H and mandated by Local Rule 79-5.1 and any pertinent orders of the presiding judicial officers.

4.   Such other persons as the Parties may agree or as may be ordered by the Court.

E.   Prior to the disclosure of any Expert Discovery Material designated as "Expert Confidential" to any person described in paragraph D(1), D(2), and D(4),

4

counsel for the party that has received and seeks to use or disclose such Expert Discovery Material shall first provide such employee, expert or other person with a copy of this Protective Order, and shall cause him or her to execute, on a second copy which counsel shall thereafter retain, the following acknowledgment:

>    I understand that I am being given access to  Expert Discovery Material designated as "Expert Confidential" pursuant to the foregoing Protective Order.  I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such designated  Expert Discovery Material.

>    Dated:                        /s/

F.      Upon the termination of this litigation, including any appeal pertaining thereto, all Expert Discovery Material designated as "Expert Confidential" and all copies thereof, other than any such materials in the possession/custody of the Court and its personnel, shall be destroyed or returned to the producing party within ten (10) days of receipt of a written request from counsel for the producing party to that effect, provided, however, that any party's counsel may retain his attorney work product even though it contains information designated "Confidential," but such retained work product shall remain subject to the terms of this Protective Order.  All Expert Discovery Material designated as "Expert Confidential" disclosed to any person or party pursuant to any provision hereof, other than any such materials in the possession/custody of the Court and its personnel, also shall be destroyed or returned to the producing party.

G.      If any party who receives Expert Discovery Material designated as "Expert Confidential" receives a subpoena or other request seeking such Expert Discovery Material, he, she or it shall immediately give written notice to opposing counsel, identifying the information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the

grounds of this Protective Order so as to afford opposing counsel an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Expert Discovery Material designated as "Confidential."  Other than objecting on the grounds of this Protective Order, no party shall be obligated to seek an order barring production of Expert Discovery Material designated as "Confidential."

H.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Expert Discovery Material designated as "Expert Confidential" shall be submitted for filing and maintenance under seal in accordance with the provisions of Local Rule 79-5.1 and any pertinent orders of the presiding judicial officers, unless the Parties agree that such materials need not be sealed. The party seeking to file the unredacted Expert Discovery Material designated as "Expert Confidential" shall submit an application, along with a proposed order, seeking a Court order permitting the designated Expert Discovery Material to be filed under seal in accordance with the foregoing provisions.

I.     Any party to this action may, following the production of documents by a third party or a third party's deposition, designate documents or deposition testimony of that third party as "Expert Confidential" governed by this Protective Order, subject to any challenge to that designation made pursuant to paragraph C, above.

J.     Nothing herein shall waive, diminish or otherwise affect any party's rights to object to discovery on any grounds, including but not limited to privacy, relevance, privilege or undue burden.

K.     Nothing herein shall waive, diminish or otherwise affect any party's rights to object to the introduction of any Expert Discovery Material designated as "Expert Confidential" into evidence, on grounds including but not limited to relevance and privilege.

STIPULATED PROTECTIVE ORDER

1         L.     This Protective Order shall be without prejudice to the right of the

2    Parties to present a motion to the Court for a separate protective order (in

3    accordance with the provisions of Local Rules 37-1, et seq.) as to any particular

4    deposition, discovery request, document or information.  In addition, this Protective

5    Order shall not be deemed to prejudice the Parties in any way in any future

6    application for modification of this Protective Order or for relief from a party's

7    designation of a particular document or documents as "Confidential."

8    DATED: July 18, 2016     KELLEY DRYE & WARREN LLP

9

10        By  /s/ William A. Escobar

11             William A. Escobar
          Neil Merkl

12             Hajir Ardebili

13             Alaina B. Ingram
     Attorneys for Defendant Tata Consultancy Services

14        Ltd. and Defendant and Counterclaimant Tata
     America International Corporation

15

16

17   DATED: July 18, 2016     THEODORA ORINGHER PC

18

19        By  /s/ Timothy J. Gorry

20             Todd C. Theodora
          Allan L. Schare

21             Timothy J. Gorry

22             Andrew G. Prout
     Attorneys for Plaintiff and Counterdefendant

23        County of Orange

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing of this stipulation and have authorized the filing of this stipulation.

DATED: July 18, 2016   THEODORA ORINGHER PC


       By /s/ Timothy J. Gorry
         Todd C. Theodora
         Allan L. Schare
         Timothy J. Gorry
         Andrew G. Prout
       Attorneys for Plaintiff and Counterdefendant
       County of Orange


**IT IS SO ORDERED:**


DATED:  July 21, 2016      /s/
        Hon. Jacqueline Chooljian
        U.S. Magistrate Judge